UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL HUGHES, ANTHONY TIDWELL, ERIN BUCK, JOHN CARR and JEREMY GURETZKI, in their representative capacity as Trustees of the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 112 DEFINED CONTRIBUTION PENSION TRUST, and in their representative capacities as Trustees of the NDE EMPLOYERS AND INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 112 TRAINING AND RETRAINING FUND, and MICHAEL FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 112, <br><br>    Plaintiffs, <br><br> v. <br><br> ILLINOIS TESTING SERVICES INCORPORATED, an administratively dissolved Illinois corporation, and GLENN M. HOINEY, an individual d/b/a Illinois Testing Services Incorporated, <br><br>    Defendants. | Case No. 4:17-cv-1500 |

## **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiffs Randall Hughes, Anthony Tidwell, Erin Buck, John Carr and Jeremy Guretzki are the duly designated and acting Trustees of the International Union of Operating Engineers Local 112 Defined Contribution Pension Trust ("Defined Contribution Pension Fund") and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. The Training Fund is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145.

2. Plaintiffs Randall Hughes, Anthony Tidwell, Erin Buck, John Carr and Jeremy Guretzki are the duly designated and acting Trustees of the NDE Employers and International Union of Operating Engineers, Local 112 Training and Retraining Fund ("Training Fund"), and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. The Training Fund is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145.

3. Plaintiff, Michael Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the

Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1).

4.  Plaintiff International Union of Operating Engineers Local 112 (the "Union") is an unincorporated association compromised of and representing employees of employers.  The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

5.  Defendant Illinois Testing Services Incorporated was at some time an Illinois corporation, and has at all material times been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).  The corporate status of defendant Illinois Testing Service Incorporated was voluntarily dissolved.  Upon information and belief, defendant Glenn M. Hoiney was an officer and director of Illinois Testing Services Incorporated.

6.  Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §1132(e)(1) and (f), and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185. Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) in that the plaintiff Pension Fund is administered in whole or in part in this judicial district.

7.	The Defendant has been and is bound to collective bargaining agreements with the Union, which require defendant to submit monthly reports and contributions to the Training Fund, the Defined Contribution Pension Fund and the Central Pension Fund at rates determined pursuant to the agreements.  Under the terms of the agreements, defendant has been and is bound to the trust agreements creating the Training Fund, the Defined Contribution Pension Fund and the Central Pension Fund.

8.	Pursuant to the collective bargaining agreements, defendant agreed to pay to the Training Fund, the Defined Contribution Pension Fund and the Central Pension Fund certain sums of money for each hour worked by the defendant's employees who performed work covered by the collective bargaining agreements, and to remit dues to the Union.

9.	Between the period of September 2016 and February 2017 the defendant employed employees performing work covered by the collective bargaining agreements.

10.	During the time period noted above, the defendant failed to report all hours worked by their employees.

11.	In violation of the Agreement and in violation of Section 515 of ERISA, 29 U.S.C. §1145, defendant has failed and refused to make all obligated contributions to the Funds and the Union.  Plaintiffs have demanded appropriate payment, to no avail.

12.	Pursuant to the Trust Agreement for the Training Fund, employers who fail to pay required contributions are liable for audit costs, attorneys' fees and court costs incurred in collecting such delinquent contributions.

13. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

14. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay the required contributions is liable for interest at the rate of 9% simple interest.

15. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all costs and attorneys' fees.

16. Defendant owes $5,553.00 to the Training Fund, $905.13 to the Defined Contribution Pension Fund, $23,528.61 to the Central Pension Fund and $2,656.54 to the Union.

**WHEREFORE**, plaintiffs pray for judgment against defendant as follows:

A. For contributions due and owing to the Training Fund in the amount of $5,553.00 for the months of October 2016 through February 2017.

B. For contributions due and owing to the Defined Contribution Pension Fund in the amount of $905.13 for the months of October 2016 through February 2017.

C. For contributions, liquidated damages and interest due and owing to the Central Pension Fund in the amount of $23,528.61 for the months of September 2016 through February 2017.

D. For Union dues to the Union in the amount of $2,656.54 for the months of September 2016 through February 2017.

      E.      For costs, audit expenses and reasonable attorneys' fees as required by 29 U.S.C. §1132(g)(2).

      F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804

/s/ Greg A. Campbell_____
GREG A. CAMPBELL, #35381

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing was electronically filed with the Clerk of the Court and copies were mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220, on May 12, 2017.

/s/ Greg A. Campbell_____